MONAHAN et al. v. METROPOLITAN SURETY CO. (five cases).

(Supreme Court, Appellate Term.  January 26, 1909.)

1. INSURANCE (§ 606*)—BURGLARY INSURANCE—ACTION ON POLICY—EVIDENCE
—SETTLEMENT WITH CUSTOMERS.

In an action by an express company on a policy of burglary or larceny insurance, assuming to indemnify for the value of goods lost, insurer could not show the plaintiff's settlement with the consignors whose property was stolen, since the benefit of any arrangement between the express company and the consignors whereby the company's liability was limited would not accrue to insurer.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 606.*]

2. EVIDENCE (§ 186*)—JUDGMENT ROLL IN ANOTHER ACTION—ADMISSIBILITY.

The judgment roll in another action between the same parties was admissible as the best existing evidence to show the existence of an exhibit which had been lost. and which was material to the cause of action at bar.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 186.*]

3. INSURANCE (§ 560*)—PROOFS OF LOSS—SUFFICIENCY—WAIVER.

Insurer against burglary and larceny waived the sufficiency of proofs of loss by retaining them, and passing some of. the claims for payment, without objecting to the sufficiency of proof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1393–1396; Dec. Dig. § 560.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. INSURANCE (§ 623\*)—TIME FOR SUING—WAIVER.**

Insurer against burglary and larceny waived a provision of the policies requiring suit to be brought within a specified time where the claims were passed for payment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1551–1553; Dec. Dig. § 623.\*]

Ford, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Five actions by Thomas Monahan and others, copartners as the Monahan's Express Company, against the Metropolitan Surety Company. From judgments for plaintiffs, defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

David McClure, for appellant.

Abraham B. Keve, for respondents.

HENDRICK, J. These are actions brought under a policy of burglary or larceny insurance, and judgments were recovered by the plaintiffs in each case. A number of points are raised by the appellant, but none of them appear of sufficient force to require us to disturb the judgments. One of the questions raised was as to the admissibility of evidence of payment made by the plaintiffs to their consignors by way of settlement. That evidence was properly excluded. Under the policy of insurance the defendant assumed to indemnify the plaintiffs for the value of the goods lost, and not for their liability to a third party, between whom and the defendant there was no privity of contract. The plaintiffs had a right to limit their liability, and the benefits of that arrangement with a third party could not accrue to the defendant. Belloni v. Freeborn, 63 N. Y. 383; Bermel v. N. Y., N. H. & H. R. R. Co., 62 App. Div. 389, 70 N. Y. Supp. 804. Neither was there error in admitting in evidence the judgment roll in an action between the same parties for the purpose of showing the existence of an exhibit which had been lost and which was material to the cause of action in this case. It was the best evidence under the circumstances.

The questions of fact raised by the issues were passed upon by the trial court, and there is evidence to sustain the findings. There is proof that the plaintiffs did not refuse to submit their books for examination, and more proof that the books were destroyed by fire. So, also, there is proof that the goods had been delivered to the plaintiffs and had been stolen or lost. The judgments cannot be disturbed as against the evidence.

It is claimed, also, that the proofs of loss were not in conformity with the terms of the policy, and there is some evidence to sustain that claim. But the plaintiffs showed that the proofs furnished were retained by the defendant, and that certain of the claims were thereafter passed for payment without objection having been made to the sufficiency of the proof of loss. Such action on the part of the defendant constitutes a waiver. Palmer v. Great Western Insurance Co., 10 Misc. Rep. 167, 30 N. Y. Supp. 1044. The point is also made

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that these actions or at least two of them were not brought within the time limited by the terms of the policies. It fully appears that the defendant had passed upon the validity of the claims made under the policies and had agreed to pay them. The defendant's general manager admitted that the claims of which the defendant had notice had been passed for payment by him. This was sufficient to constitute a waiver. Titus v. Glens Falls Ins. Co., 81 N. Y. 410-419. See, also, Roby v. A. C. Ins. Co., 120 N. Y. 510, 24 N. E. 808; Kiernan v. Mut. Ins. Co., 150 N. Y. 190, 44 N. E. 698.

Judgment affirmed, with costs

GIEGERICH, J., concurs.

FORD, J. (dissenting). The policy indemnifies plaintiffs against loss, not against liability. The goods stolen belonged to third parties, and it was necessary for the plaintiffs to plead and prove actual damage in order to recover under the policy. This plaintiffs did not do. Gilbert v. Wiman, 1 N. Y. 550, 49 Am. Dec. 359; Trinity Church v. Higgins, 48 N. Y. 532; Maloney v. Nelson, 144 N. Y. 182, 39 N. E. 82.

The indorsement as to method of settlement does not in my opinion change the contract into one against liability. As in my opinion there must be a new trial, it may be well to add that it was error to exclude evidence (offered by defendant) of payments made by plaintiffs to the consignors by way of settlement as this goes to one of the very questions at issue. It may also be well to add that in those cases where one year had elapsed since the robbery and before the beginning of the suit the limitation in the policy was a bar, unless there was an express waiver or unless there were some of the elements of an estoppel. Allen v. Dutchess Co., etc., 95 App. Div. 86, 88 N. Y. Supp. 530; Gibson, etc., Co. v. Liverpool, etc., 159 N. Y. 418, 54 N. E. 23. There was no express waiver, and in my opinion it is doubtful if there were any of the elements of an estoppel, but this will appear more clearly on the new trial. In addition to this, no waiver of such limitation was pleaded by the plaintiff in those cases.

The judgments should be reversed and new trials ordered, with costs to appellant to abide the event.