HELEN F. MARLEY *vs.* BANKERS INDEMNITY INSURANCE CO.

MAY 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of debt on judgment. It was tried by a justice of the Superior Court and decision was for the plaintiff for the full amount of her claim. The case is here on defendant's exceptions: (1) To the overruling of its demurrer and plea in abatement; (2) to the admission of testimony and (3) to the decision. The exceptions to the admission of testimony not having been argued either orally or on the brief are deemed to have been waived.

The plaintiff, some time in May, 1931, was injured in a collision between two automobiles, one of which was being driven by Beatrice Cohen against whom the plaintiff brought suit. After trial, before a justice of the Superior Court, sitting without a jury, a decision was rendered in favor of the plaintiff.

Beatrice Cohen was insured by the defendant Bankers Indemnity Ins. Co. against liability for injuries to third persons arising out of the operation of her automobile and said company undertook the defense of plaintiff's original action. The present suit is based on a provision of Section 7, Chapter 258, G. L. 1923, which is as follows: " . . . Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer."

Defendant contends that the action should have been trespass on the case. The plaintiff's right to maintain an action against the defendant is purely statutory. The statute creates a contractual obligation the enforcement of

which does not exactly fit into any of the common law actions. In our opinion trespass on the case is the appropriate action to enforce the right given by the statute. It is clear that debt on judgment is not the proper form of action for the reason that if a case brought under such action were strictly tried the defendant would be precluded from setting up defenses it might have to its liability under the policy. The defendant was allowed and availed itself of the opportunity to set up any defense that it had. It therefore was not prejudiced by the form of action selected by the plaintiff.

As the statute does not prescribe any particular form of action and has not been heretofore construed in this respect and as the defendant has been in no way prejudiced, we are of the opinion that Section 24, Chapter 348, G. L. 1923, applies. "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby."

The defendant's substantive defense is that the insured —the defendant in the original action—has not complied with one of the terms of her policy: "The Assured shall at all times render to the Company all cooperation and assistance in his power."

Beatrice Cohen, the insured, made a report to the defendant. She went to the office of defendant's attorney and told him her version of the accident. The attorney wrote a statement which she signed and certified to as true.

The case was in order for trial October 21, 1931. Two days prior to the day of trial, at the request of defendant's attorney, she went to his office and then gave a version of the accident which differed from the written statement which she had previously signed. The defendant through its attorney thereupon sent her the following letter:

"Dear Madam:

I am directed by the Bankers Indemnity Insurance Co. to notify you that the company will defend the suits which have been brought against you on account of the accident of May 29, 1931, at Sackett and Niagara Streets, but reserves full right to disclaim any and all liability under a certain policy of insurance issued to you by the company, number AP 161962, under date of Apr. 22, 1931. This action is taken because of the fact that certain evidence in the hands of the company indicates alleged collusion with the claimants."

The case was not tried in October and was reassigned to November 16. At the trial Beatrice Cohen's testimony, as the defendant contends, differed from the statement she made shortly after the accident.

The provision of the policy above quoted is not a covenant but a condition which if not complied with gives the insurer the right to terminate the policy. *Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271. The insured is bound by the terms of the policy to give in good faith a truthful statement of the accident so that the insurer may be placed in a position to determine whether to defend an action or make a settlement. The insured is not complying with the terms of the policy when he makes a false or misleading statement as to his part in the accident and then testifies in court to the contrary. But the mere fact that his testimony in court under oath and subject to cross-examination differs from his previous statement made to the insurer does not warrant the conclusion as a matter of law that the cooperative clause of his policy has been violated. There may be an explanation for the discrepancy, and for this reason when a question of cooperation is raised it usually has to be determined as a question of fact. A person involved in a collision may have a confused and vague recollection of the facts pertaining to the accident.

Under these circumstances there is likely to be an inclination to self-exculpation when making a statement not under oath and not subject to cross-examination. Reflection and discussion with others who were witnesses to the accident might convince the insured that the prior statement was not in conformity with the facts and could not be maintained when put to the test of trial in court.

In the instant case there is no evidence of collusion. If the defendant had such evidence, as stated in its letter to the insured, none was produced at the trial. The plaintiff and Beatrice Cohen never knew each other before the accident and, so far as appears, never saw each other thereafter. The insured knew that unless her testimony was in substantial agreement with her previous statement, the insurer would refuse to pay any judgment which might be obtained against her. There was, therefore, a strong incentive to lead her to testify in accordance with her statement made to the defendant. The fact that she did not do so under the circumstances is indicative of a desire on her part to give the facts as she understood them at the time of the trial.

The trial justice who also tried the original action said: "But in November the case was reached and came on for trial and when Mrs. Cohen went on the stand she gave testimony which was more like the plaintiff's testimony and which was somewhat different from the written statement she had made, although there is considerable resemblance to it in a good many ways, but the salient outstanding feature of the testimony given by Mrs. Cohen in court . . . of course that was the first time she had been under oath . . . was that she apparently could not remember some of the most important features of the case."

The trial justice having found on a question of fact that there was not sufficient evidence of failure to cooperate to free the defendant from liability on its policy, his decision must stand unless from the record before us it appears it was clearly wrong. The trial justice had the opportunity

of observing the insured when she testified both in the original and in the present action. He was therefore in a better position to judge as to whether the insured, in good faith, had rendered such assistance to the defendant as was required by the policy. An examination of the record convinces us that the trial justice was not in error in finding for the plaintiff.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Edward H. Ziegler, Aram A. Arabian*, for plaintiff.
*Fergus J. McOsker*, for defendant.