**WITT v. UNIVERSAL AUTOMOBILE INS. CO. et al.**

No. 1981.

Court of Civil Appeals of Texas. Waco.

April 14, 1938.

Rehearing Denied May 19, 1938.

Robert W. Brown, of Gatesville, for appellant.

T. R. Mears, of Gatesville, J. L. Goggans, of Dallas, and McClellan, Lincoln & Jones, of Waco, for appellees.

ALEXANDER, Justice.

Minnie Lou Witt sustained an injury while riding as a passenger in an automobile belonging to D. H. Culberson and driven by Culberson's daughter. She recovered a judgment against Culberson for the sum of $10,000.00, as the result of such injuries, and, being unable to collect same from Culberson, she brought this suit against the Universal Automobile Insurance Company and sought recovery from it on the ground that it had issued to Culberson a policy of insurance protecting him against such liability. The insurance company defended on the ground that Culberson had breached the terms of its policy by failing to cooperate and in refusing to allow the insurance company to defend the suit brought by Miss Witt against him. At the conclusion of the evidence the court discharged the jury and rendered judgment for defendant. The plaintiff appealed.

On March 6, 1930, Universal Automobile Insurance Company issued a policy to D. H. Culberson, whereby it agreed to indemnify him to the extent of $5,000.00 against loss by reason of liability growing out of the use of his automobile. The policy contained the following provisions:

"In the .event that loss from the perils set forth in Item 6 and/or Item 7 is insured against hereunder, then as respects the peril or perils so insured against the limits of the Company's liability shall be:

"(A) To investigate all accidents covered by Item 6 and/or Item 7 of the 'Schedule of Coverage' of this policy and at its expense to employ attorneys to represent the Assured in all suits brought hereon, whether groundless or not; and

"(B) In event a final judgment be rendered against the Assured, to pay the same to an amount not exceeding the limits specified herein; and in addition,

"(C) To pay, irrespective of the limit of liability stated in the Policy, all costs taxed against the Assured in any such defended suit, all expenses incurred by the Company, all interest accruing after entry of judgment until the Company has paid, tendered or deposited in Court such part of such judgment as does not exceed the limit of the Company's liability thereon, also any expense incurred by the Assured for such immediate surgical relief as shall be imperative at the time of bodily injury.

"(O) Report of Accidents. Upon the occurrence of any loss or accident covered under Section 2 of the Schedule of Perils, and irrespective of whether any injury or damage is apparent at the time, the Assured shall give immediate written notice to the Company at its office in Dallas, Texas, or to its authorized agent, with the fullest information obtainable at the time; if a claim is made on account of any such accident the Assured shall give like notice thereof immediately after such claim is made, with full particulars; if thereafter any suit is brought against the Assured to enforce such claim, the Assured shall immediately forward to the company or its authorized agent every summons or other process as soon as the same shall have been served; whenever requested by the Company, the Assured shall aid in effecting settlement, securing information and evidence, the attendance of witnesses and in prosecuting appeals, and at all times render all possible cooperation and assistance; the Assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceedings or incur any expense or settle any claim, except at Assured's own cost, without the written consent of the Company previously given."

Other pertinent terms of the policy of insurance are stated more in detail in the opinions on the former appeal of this same cause. See Universal Automobile Ins. Co. v. Culberson, Tex.Civ.App., 54 S.W.2d 1061; Id., 126 Tex. 282, 86 S.W.2d 727, 87 S.W.2d 475.

■■ It was alleged by the insurance company that prior to the trial of the suit by Miss Witt against Culberson, the latter breached his contract by refusing to cooperate with the insurance company in the defense of the suit. These charges were. denied by Culberson. It is said that whether or not in any particular instance the insured has so far failed to give cooperation in and about the defense of the action which is contemplated by the cooperation clause in a policy, such as is here under consideration, will ordinarily be a question of fact determinable by the jury. Automobile Underwriters' Ins. Co. v. Long, Tex.Com.App., 63 S.W.2d 356; Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Ed., vol. 6, § 4059, p. 413; Metropolitan Casualty Ins. Co. v. Blue, 219

Ala. 37, 121 So. 25; U. S. Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615; Finkle v. Western Automobile Ins. Co., 224 Mo.App. 285, 26 S.W.2d 843; Marley v. Bankers' Indemnity Ins. Co., 53 R.I. 289, 166 A. 350; 72 A.L.R. 1454, annotations on Co-operation Clauses following Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367; Ems v. Continental Auto Ins. Ass'n, Mo.App., 284 S.W. 824. Without reciting the evidence introduced pro and con by the parties on this issue, we think it is sufficient to state that there is a direct conflict in the testimony, and, as a consequence, the evidence merely raises an issue for the jury, and that the court, insofar as this issue is concerned, should not have withdrawn the case from the jury.

It is further contended by the insurance company that the evidence shows as a matter of law that Culberson breached his contract by refusing to allow the company to defend the suit as provided in the policy. This issue arose in this manner. Miss Witt brought her suit against both Culberson and the insurance company. During the pendency of the suit and prior to a trial thereof, a dispute arose between Culberson and the attorneys for the insurance company in which the latter charged Culberson with failure to cooperate in the defense of the suit. After much discussion of the matter, the insurance company's attorneys, on July 24, 1931, wrote Culberson complaining of his failure to cooperate and stated, in part, as follows:

"For the foregoing reasons and because the approaching trial must develop inevitably a conflict of interest between you and the company, you are advised that the company has decided to withdraw entirely all defenses in your behalf. This means that the answer heretofore filed by us in your behalf will be withdrawn and you must promptly file in your own behalf such answer or appearance as you care to make in the case. * * * *

"Under the circumstances the company is compelled to deny and does deny any liability to you or any person under the policy in question."

On July 29, 1931, Culberson replied by letter, denying any failure on his part to cooperate and concluded as follows:

"I will employ counsel and cooperate fully with him and in good faith undertake to urge every legal defense that I know of or that he suggests, but I shall expect you to comply with your contract and pay the expenses of this defense as well as pay off any judgment rendered against me if we should lose the suit."

On August 1, 1931, the attorneys for the insurance company wrote Culberson, in part, as follows:

"We have just been advised that plaintiff in the above cause has taken a non-suit as to the defendant, Universal Automobile Insurance Company. Since the insurance company and you are not now co-defendants, and will not be such upon the trial of this case upon its merits, and since, therefore, the matters in controversy between you and the insurance company will not be an issue before the jury, the Universal Automobile Insurance Company will defend you in this case and furnish attorneys at its expense for that purpose. The Universal Automobile Insurance Company, however, by so doing does not waive any of its rights as against you or any other person under the terms and provisions of its policy, but expressly reserves all of such rights.

"In accordance with the foregoing, the attorneys for the Universal Automobile Insurance Company will be present in court for the trial of the case on next Monday, August 3rd, nine A. M., prepared to proceed in the defense of this case."

On the following day Culberson replied, in part, as follows:

"Inasmuch as you advised me plainly and without any reservations that you would withdraw from the suit and withdraw all pleadings in my behalf and advised me to employ counsel I do not now see how I could permit or that you could with becoming propriety ask me to permit you to conduct the defense of so grave a matter as this when you plainly show you do not have my interest at heart and that you and your company deny all liability under the terms of my policy with them. On receiving your letter advising me to employ counsel I did so. * * * * Since the plaintiff has taken a non-suit as against the insurance company, my attorney advises that he will charge me an additional fee to undertake the defense of the whole matter and I have agreed to pay the additional fee and have arranged for him to conduct the defense and therefore you can plainly see why I would not and could not permit you to come in at this late hour, after I

have thus contracted at your suggestion, and permit you to assume the defense. * * * *

"I am in good faith going to do the best I can to present the facts in this case to the court and see that all my rights are protected, but I feel that by your attitude (almost from the beginning of your investigation) has been to drive me into some position where you could claim I did not cooperate as your company might thereby be relieved, and this attitude coupled with the unequivocal expressions in your letter withdrawing from the defense and denial of liability evidence to me that you want to breach your contract with me, but I insist on all its terms and will hold you liable for any damages I may sustain by reason of your breach thereof."

When the case came on for trial on August 3, 1931, the attorneys for the insurance company were present and offered to defend the suit, either alone or in cooperation with the attorney that had been employed by Culberson, but Culberson declined to permit them to appear and defend the suit in his behalf.

Paragraph (A) of the policy quoted above obligates the insurance company to defend all actions brought against Culberson for accidents covered by the policy and at least impliedly confers on the company the right to defend such suits. Subdivision (O) of the policy, as above quoted, denies to the insured the right to interfere in any such legal proceedings. However, the insurance company's right to defend such actions is one that could be waived by it. Dunham v. Philadelphia Casualty Co., 179 Mo.App. 558, 162 S.W. 728, cited in note, 34 A.L.R. 745; Couch, Cyclopedia of Ins. Law, vol. 5, § 1175. In fact, the latter part of subdivision (O) of the policy contemplates that the insurance company may, in writing, authorize the insured to defend such actions. The company's letter of July 24, 1931 was a direct and positive written request by it to the insured to take charge of the litigation and defend the suit and constituted a waiver of the company's right to defend the action. Having thus waived its right to defend the suit, such right was lost forever and could not be reclaimed or recaptured by the company without the insured's consent, especially in view of the fact that Culberson was thereby caused to obligate himself for an attorney's fee and otherwise change

his position in reliance thereon. 67 C.J. 313, § 14; U. S. Fidelity & Guaranty Co. v. Miller, 237 Ky. 43, 34 S.W.2d 938, 76 A.L.R. 12; Brix v. American Fidelity Co., 171 Mo.App. 518, 153 S.W. 789; Kiernan v. Dutchess County Mut. Ins. Co., 150 N. Y. 190, 44 N.E. 698; Schifferdecker v. Busch, 130 Misc. 625, 225 N.Y.S. 106; Champion Spark Plug Co. v. Automobile Sundries Co., 2 Cir., 273 F. 74; Aron v. Rialto Realty Co., 100 N.J.Eq. 513, 136 A. 339. See, also, 36 C. J. 1111. Therefore, if Culberson had not previously breached his contract by failing to cooperate, and the company wrongfully withdrew from the case, and Culberson was compelled to assume the defense thereof, as asserted by him, then he had a right to refuse to allow the company to reenter the case and take charge of the defense.

The insurance company cites and relies on the case of Rollins v. Bay View Auto Parts Co., 239 Mass. 414, 132 N.E. 177. The contest in that case over the right of the insurance company to reenter the defense after having once withdrawn therefrom was between the injured party and the insurance company and not between the assured and the insurance company, and consequently that case is not in point. Furthermore, in that case there was nothing to show that the assured had been put in any worse position by reason of the previous conduct of the insurance company in withdrawing from the defense, whereas in the case at bar, if the facts asserted by him are true, it appears that Culberson had acted on the request of the insurance company and had obligated himself for an attorney's fee and therefore had put himself in a worse position in reliance on the previous conduct of the insurance company.

The insurance company makes the further contention that the judgment obtained by Miss Witt against Culberson is void because the petition failed to state a cause of action. The petition charged, in effect, that the automobile in which Miss Witt was riding at the time of her injury belonged to Culberson and was used by him and the members of his family, including his daughter, for family purposes; that he allowed his daughter to use the car on the occasion in question, and that her negligence in operating the car was the cause of Miss Witt's injuries. It was alleged that by reason of these facts, Culber-

son was liable for the damages sustained by Miss Witt. It may be conceded that under the holding of the Supreme Court in Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014, repudiating the family car doctrine, Culberson was not liable under the facts alleged, but it does not result from this that the judgment obtained on such pleadings is void and therefore subject to collateral attack, as is here contended for. The petition, although subject to a general demurrer, set forth facts and fairly presented sufficient elements of a case to challenge the attention of the court. It asserted a claim within the jurisdiction of the court, and the court had jurisdiction over the parties. The judgment was therefore not absolutely void as to render it subject to collateral attack. 25 Tex.Jur. 785, 786; Murchison v. White, 54 Tex. 78; Moore v. Perry, 13 Tex.Civ. App. 204, 35 S.W. 838; Weems v. Masterson, 80 Tex. 45, 15 S.W. 590; Taffinder v. Merrell, 95 Tex. 95, 65 S.W. 177, 93 Am.St. Rep. 814, and other cases cited in footnotes of 25 Tex.Jur. 785, 786.

From what has been said, it is apparent that we are of the opinion that an essential element of fact, that is whether Culberson wrongfully refused to cooperate in the defense of the suit, has not been determined by the jury, and, for this reason, the judgment of the trial court must be reversed.

The judgment of the trial court is reversed and the cause is remanded for a new trial.