■ ROBERT G. BARON, Respondent-Appellant, v WILLIAM M. LOMBARD, as Sheriff of Monroe County, et al., Appellants-Respondents.—Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: On July 23, 1978 plaintiff requested a departmental hearing on the charge of insubordination filed by the Monroe County Sheriff's Department. Paragraph No. 35.2.2 of the collective bargaining agreement which governs departmental disciplinary matters provides: "A departmental hearing shall be conducted by the Sheriff or his designee within thirty (30) calendar days of the date the charges were answered by the employee". By letter dated August 8, 1978, plaintiff's attorney advised the department that he would be unavailable for any proceedings until August 28, 1978. Subsequently, the parties exchanged letters which reflect that upon failure to reach a settlement a hearing would

be scheduled. On October 4, 1978 plaintiff instituted this action which seeks judgment declaring that the provisions of paragraph 35.2.2 are mandatory and that a failure to discipline plaintiff within the 30-day period bars any further disciplinary proceedings. Special Term denied defendants' motion to dismiss the action, granted plaintiff's cross motion for summary judgment and dismissed the disciplinary charges. It held that the provisions of Paragraph No. 35.2.2 are mandatory, and that the letter of August 8; 1978 constitutes a "written mutual agreement between the parties waiving the strict thirty (30) day period from August 22, 1978 to September 10, 1978, it being the intention of the parties to add twenty (20) days to the statute of limitations". Plaintiff's claim that the August 8 letter did not constitute a "written mutual agreement" under the provisions of section 35.5.3 of the contract which states that "the time limit as specified [in the contract] shall be strictly adhered to unless waived by written mutual agreement of the parties of this agreement" is without merit. We hold that Special Term erred in dismissing the charges and that plaintiff is estopped from claiming that the right to have a departmental hearing within 30 days of his answer may be waived only by the written mutual agreement of the parties to the contract. "An estoppel may arise from an apparent waiver, even though the element of intent, which is essential to constitute a real waiver, is absent, where the conduct of the party has misled the other party by inducing in him a belief, which is reasonable under the circumstances of the case, that there has been a waiver" (21 NY Jur, Estoppel, Ratification and Waiver, § 100; *Kiernan v Dutchess County Mut. Ins. Co.*, 150 NY 190, 195). The clear import of the August 8, 1978 letter is that a hearing should not be scheduled before August 28, 1978, six days after the expiration of the 30-day time period. It was reasonable for the department thereby to conclude that plaintiff waived his contract right. This conclusion is buttressed by a department letter dated September 6, 1978 which confirmed a telephone conversation of the preceding day with plaintiff's attorney and advised him that if the settlement terms were unacceptable a hearing would be scheduled. Furthermore, nothing in the record supports Special Term's finding that the parties intended a 20-day extension. Special Term's determination which dismissed the charges pending against plaintiff is vacated upon condition that a departmental hearing is conducted within 30 days of the entry of the order herein and, if not, the judgment is affirmed. (Appeal from judgment of Monroe Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.