■ Steven Siegel, Respondent, v Vector Real Estate Corporation, Appellant, and Rio the Condominium and Spa, Respondent. [603 NYS2d 118] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered January 22, 1993, denying defendant Vector's motion for summary judgment dismissing the complaint against it, unanimously modified, on the law, to the extent of granting the motion as to the sixth cause of action and otherwise affirmed, without costs.

While the agreement between plaintiff and defendant sponsor required written notice of defects, latent or patent, the record contains evidence from which the trier of fact might

conclude that the sponsor received timely notice of the claims. Accordingly, plaintiff has offered evidence from which a manifestation of intent by Vector to waive the written requirement contained in the parties' agreement could be reasonably inferred by a jury *(see, Kiernan v Dutchess County Mut. Ins. Co.,* 150 NY 190, 195). Moreover, it cannot be determined on this record whether the claimed defects are latent or patent in nature.

However, since the relationship between plaintiff and the sponsor is one arising solely from contract, with no separate duty independent of the contract, the plaintiff may not pursue claims in negligence *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). Accordingly, the sixth cause of action is dismissed. Concur—Sullivan, J. P., Wallach, Kupferman and Nardelli, JJ.