BEIERMEISTER *et al.* *v.* CITY OF LONDON FIRE INS. CO.

(*Supreme Court, General Term, Third Department.* July 11, 1891.)

1. TRIAL—DIRECTION OF VERDICT—REQUEST BY BOTH PARTIES.
   Each party to an action, after resting, asked for the direction of a verdict. Before decision, plaintiffs, by leave of court, recalled a witness, and introduced additional evidence, and then asked to go to the jury. *Held,* that it was error, in view of the introduction of additional evidence, for the court to refuse such a request to go to the jury on the ground that each party, having asked for the direction of a verdict, had admitted that there was no question of fact.

2. INSURANCE—CANCELLATION OF POLICY.
   Plaintiffs had policies in several insurance companies aggregating $9,000. One of the policies was for $1,000 in the C. Company, expiring February 8, 1888, and another was for $1,000 in defendant company, expiring on February 12th. On February 7th one S., on behalf of plaintiffs, applied to defendant's agent to obtain a $2,000 policy in defendant company in place of the $1,000 policy in the C. Company. The agent was unable to write the $2,000 policy in defendant company, but offered to write a policy for that amount in the N. company, for which he was also agent, and to cancel the $1,000 policy in defendant company, to which S. assented. When the agent delivered the N. policy for $2,000, he requested S. to take the $1,000 policy in

defendant company to the office, so that there could be no mistake about its cancellation; but S. failed to do so, and before it expired the property was burned. There was no evidence that plaintiffs desired to increase the amount of their insurance, and immediately after the loss they were notified that the N. policy was intended to be in the place of the C. policy (which expired before the fire) and defendant's policy. *Held*, that plaintiffs, by claiming the N. policy, affirmed the acts of S., and were bound by the terms on which it was issued, namely, that the policy in defendant company should be canceled.

Appeal from circuit court, Rensselaer county.

Action by Frederick Beiermeister, Jr., and George A. Spicer against the City of London Fire Insurance Company. Judgment was entered on a verdict directed for defendant, and plaintiffs appeal.

Argued before LEARNED, P. J. and LANDON and MAYHAM, JJ.

*Smith & Wellington*, (*C. B. Wellington*, of counsel,) for appellants. *C. S. & C. C. Lester*, (*C. S. Lester*, of counsel,) for respondent.

LEARNED, P. J. After each party had rested, each asked the court to direct a verdict. Before decision the plaintiff by leave recalled a witness, and gave further testimony. When the testimony had been given, the plaintiff asked to go to the jury. The court refused, on the ground that each side had asked for the direction of a verdict, and that such request was an admission that there was no question of fact for the jury. It is true that such request has been held to be an admission that, at the time it was made, there was no question of fact for the jury. But it could not be an admission that no question of fact for the jury would afterwards arise, when, by permission of the court, further evidence had been given. We think, then, that the learned justice gave an incorrect reason for his refusal. But if, on the whole case, the refusal was proper, the incorrectness of the reason is immaterial.

On the 7th of February, 1888, plaintiffs, among policies amounting in the aggregate to $9,000, had one of $1,000 in defendant's company expiring the 12th. On that day one Stillman, whose relation towards plaintiffs is not apparent, called on Carpenter, the defendant's agent, and proposed to obtain from defendant for plaintiffs a $2,000 policy in place of the $1,000 in the California Insurance Company expiring the 8th. Chapman refused, because the defendant had directed him not to write policies on property out of Troy. But he offered to write a $2,000 policy in the Norwich Union, dated February 8th, of which also he was agent, and to cancel the $1,000 in defendant's company. To this Stillman assented. Carpenter wrote the policy, and said: "I wish you would take this policy up there yourself, and deliver it, so that there can't be any mistake about the cancellation of the City of London policy." The Norwich Union policy was received by plaintiffs the 8th, and was sent back for correction in respect to the name of the insured; was corrected, and returned and received by plaintiff, as corrected, the morning of the 9th. In the afternoon the insured property was burned. After the fire, and before the settlement with the companies, the plaintiffs were informed by Carpenter of the arrangement under which this policy was issued. As to this point the plaintiffs claim that there is a conflict of evidence. But the plaintiff Beiermeister contradicts himself, and the testimony of Carpenter is positive. Beiermeister first admits and then denies his knowledge. The plaintiff Beiermeister testifies that after the fire, and after waiting a few weeks for the insurance companies to settle, they (the companies) finally decided that the policy in question must go in and bear part of the loss; and that he said he would do as they said. And the plaintiffs in their proofs of loss in this case include both the Norwich Union policy of $2,000, and the defendant's policy of $1,000; making the aggregate of $10,000, or $1,000 more than the aggregate which they had on the 7th of February; and the plaintiffs received from the Norwich Union their proportion of the loss, based on that aggregate. Now, it is evident that it was for the interest of the companies, other than defendant,

to claim that defendant's policy was in force; as such claim, if allowed, diminished their relative proportion. But if the plaintiffs consented to admit such claim of the companies, and to act thereon, they must accept the consequences of their action. As Carpenter was agent both of the defendant and of the Norwich Union, each of those companies had knowledge of the terms and conditions on which the policy of the Norwich Union was written; and the defendant is entitled to the benefit of such terms and conditions, provided they can be shown to be binding upon the plaintiffs. There is no evidence that the plaintiffs had desired before the fire to increase their insurance from $9,000 to $10,000. After the fire, and before any payment of the loss or even demand for payment, the plaintiffs were notified that there was no real increase, but that the Norwich Union policy was in the place of the California policy and the defendant's. Perhaps then they could have rejected the arrangement between Carpenter and Stillman. They could have accepted the loss of the California policy which had expired on the 8th, and could have claimed to hold only the defendant. If they had taken that position, they would have assumed to have only $8,000 insurance in the aggregate. This would probably have been unsatisfactory to them. But they did not do this. On the contrary, they claimed the Norwich Union policy to be valid and in force. Therefore they must be bound by the terms and conditions on which it was issued. We think a verdict was properly directed for the defendants.

Judgment affirmed, with costs. All concur.