David Metlin, Respondent, Appellant, v. Globe & Republic Insurance Company of America, Appellant, and Milwaukee Mechanics' Insurance Company, Respondent.— Judgment reversed on the law and new trial granted

as to both defendants, with costs to each appellant to abide the event. Memorandum: The appellant Globe & Republic Insurance Company of America had a right to cross-examine the plaintiff's witness Stein relative to Stein's authority to place fire insurance for the plaintiff. By the questions put to Stein it was sought to prove his agency not by his admissions, but rather by his sworn testimony. Such sworn testimony was admissible and material to the issues on trial and it was reversible error to deprive the said appellant of its right to cross-examine Stein relative thereto. (*Grand Allen Holding Corporation* v. *M. & S. Circuit, Inc.*, 236 App. Div. 2, 6; affd., 261 N. Y. 516.) The court likewise erred in dismissing the complaint as to the defendant Milwaukee Mechanics' Insurance Company. The plaintiff alleged in the complaint " that on or about the 26th day of April, 1939, the defendant, Milwaukee Mechanics' Insurance Company, duly made, issued and delivered to plaintiff its certain policy of insurance," etc. The plaintiff, in his proof of loss to that company, stated, in substance, that that policy was issued on April 26, 1939, and that at the time of the fire the total insurance amounted to $8,000, that the whole loss amounted to $2,322.60 and that the amount claimed from the Milwaukee Mechanics' Insurance Company was $1,161.30. In his proof of loss to the Globe Company the plaintiff stated, in substance, that the total amount of insurance on the property at the time of the fire was $8,000, that the whole loss amounted to $2,322.30 and that the amount claimed against the Globe was $1,161.30. In both proofs of loss the plaintiff apportioned the loss equally between the two companies. In view of the allegations of the complaint and the evidence and proof in the record, we think the question as to the timely delivery of the Milwaukee Mechanics' policy and the timely cancellation of the Globe policy was for the jury and not for the court to pass upon. (*Insurance Co. of Penn.* v. *Park and Pollard Co.*, 190 App. Div. 388; affd., 229 N. Y. 631; *Beiermeister* v. *City of London Fire Ins. Co.*, 61 Hun, 620; affd., 133 N. Y. 564.) The judgment should be reversed and a new trial granted. All concur. (The judgment is for plaintiff against defendant Globe & Republic Insurance Company of America and it dismisses complaint as to defendant Milwaukee Mechanics' Insurance Company in an action under fire insurance policies.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.