EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, v. DAVID L. MILMAN et al., Appellants.

Argued June 10, 1943; decided July 20, 1943.

*Henry Cohen* for appellants. Policy No. 3,671,934 — for $15,000 — and policy No. 2,724,591 — for $5,000 — never lapsed. Payment of the premium was waived because of Milman's disability. (*Birdsall* v. *Lewis,* 246 App. Div. 132, 271 N. Y. 592; *Equitable Life Assur. Soc.* v. *Boyd,* 51 Ariz. 308; *Equitable Life Assur. Soc.* v. *Neff,* 10 N. E. 2d 307; *Hartol Products Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44; *Lewis* v. *Ocean Acc. & Guar. Corp.,* 224 N. Y. 18; *Silverstein* v. *Met. Life Ins. Co.,* 254 N. Y. 81; *Dennis* v. *Massachusetts Benefit Assn.,* 120 N. Y. 496; *Equitable Life Assur. Soc.* v. *MacKirgan,* 86 F. 2d 271; *Minnesota Mut. Life Ins. Co.* v. *Marshall,* 29 F. 2d 977; *New York Life Ins. Co.* v. *Jackson,* 94 F. 2d 288, 98 F. 2d 950, 304 U. S. 261; *Fidelity Mut. Life Ins. Co.* v. *Gardner* 233 Ky. 88; *Metropolitan Life Ins. Co.* v. *Carroll,* 209 Ky. 522; *Missouri State Life Ins. Co.* v. *Carroll,* 174 Okla. 142.) The reinstatement of policy No. 3,696,772 for $5,000 by payment on June 30, 1933, of arrears of premium was not procured by any misrepresentation. (*Thompson* v. *Postal Life Ins. Co.,* 226 N. Y. 363; *Miller* v. *Continental Casualty Co.,* 261 App. Div. 395, 287 N. Y. 643; *Geer* v. *Union Mut.*

*Life Ins. Co.*, 273 N. Y. 261; *Cushman* v. *U. S. Life Ins. Co.*, 70 N. Y. 72; *Krauza* v. *Golden Seal Assurance Society,* 221 App. Div. 380, 247 N. Y. 536; *Anderson* v. *Ætna Life Ins. Co.*, 265 N. Y. 376; *Nowak* v. *Brotherhood of American Yeomen,* 249 N. Y. 78, 252 N. Y. 465.) The reinstatement of policy No. 2,981,338 for $2,000 was not procured by any misrepresentation. (*Hunter* v. *Wetsell,* 84 N. Y. 549; *Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363.)

*Eugene Z. Du Bose* and *James D. Ewing* for respondent. Policy No. 3,671,934 — for $15,000 — lapsed for nonpayment of the premium due October 4, 1933, and policy No. 2,724,591 — for $5,000 — lapsed for nonpayment of the premium due on September 4, 1933. Plaintiff was entitled to rescind the reinstatements of said policies. (*New York Life Ins. Co.* v. *Rosen,* 227 App. Div. 79, 255 N. Y. 567; *Axelroad* v. *Metropolitan Life Ins. Co.*, 242 App. Div. 400, 267 N. Y. 437; *Ryer* v. *Prudential Ins. Co.*, 185 N. Y. 6; *Morss* v. *Purvis,* 68 N. Y. 225; *Hungerford* v. *Wagoner,* 5 App. Div. 590; *Teeter* v. *United Life Ins. Assn.*, 159 N. Y. 411; *Struhl* v. *Travelers Ins. Co.*, 255 App. Div. 527, 281 N. Y. 584; *Baraca* v. *Metropolitan Life Ins. Co.*, 154 N. E. 90.) The premium on the $15,000 policy was due October 4, 1933, and, therefore, was not a premium " falling due after " the effective date of disability. (*Talsky* v. *New York Life Ins. Co.*, 244 App. Div. 661, 270 N. Y. 665; *Hand* v. *Equitable Life Assur. Society,* 251 App. Div. 321; *Marek* v. *Mut. Life Ins. Co.*, 244 App. Div. 346, 268 N. Y. 724; *Manufacturers Trust Co.* v. *Equitable Life Assur. Soc.*, 244 App. Div. 357; *Bergholm* v. *Peoria Life Ins. Co.*, 284 U. S. 489; *Nederland Life Ins. Co.* v. *Meinert,* 199 U. S. 171; *Klein* v. *Insurance Co.*, 104 U. S. 88; *New York Life Ins. Co.* v. *Statham,* 93 U. S. 24; *Shira* v. *New York Life Ins. Co.*, 90 F. 2d 953.) The reinstatement of policy 3,696,772 in the face amount of $5,000 was procured by misrepresentations. (*Nowak* v. *Brotherhood of American Yeomen,* 252 N. Y. 465; *Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544, 235 N. Y. 550; *Travelers Ins. Co.* v. *Pomerantz,* 246 N. Y. 63; *Krauza* v. *Golden Seal Assurance Society,* 221 App. Div. 380, 247 N. Y. 536.) The reinstatement of policy No. 2,981,338 in the face amount of $2,000 was procured by misrepresentations. (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813, 227 N. Y.

575; *Equitable Life Assur. Soc.* v. *McElroy*, 83 F. 631; *Cable* v. *U. S. Life Ins. Co.*, 111 F. 19; *Piedmont & Arlington Life-Ins. Co.* v. *Ewing*, 92 U. S. 377.)

CONWAY, J. Judgment modified by reversing as to Policy No. 3,696,772, and as so modified, the judgment is affirmed with costs to the appellant.

On the application for reinstatement of the above numbered policy, defendant failed to disclose that he had consulted physicians once for constipation and three or four times for a cold. Such failure did not constitute "a misrepresentation, material or otherwise." (*Geer* v. *Union Mut. Life Ins. Co.*, 273 N. Y. 261, 267.) The printed application form stated: "I hereby certify that I am in good health; that except as stated below, I have had no illness, have not consulted any physician or practitioner, * * * since the issuance of the policy." A reasonable construction of the scope of the disclosure required excludes consultations "for such minor ills as constipation or common cold in the head, which are readily relieved by simple remedies and do not impair his general health." (*Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289, 293.)

The insured is still alive — ten years after making the application for reinstatement. The constipation and colds were not the cause of his disability. The facts which were not disclosed were not such as might reasonably affect the choice of the insurance company as to whether to accept or reject the application (*Geer* v. *Union Mut. Life Ins. Co., supra*) nor did the failure to disclose them materially increase the risk. (Cf. Insurance Law, § 150.)

The judgment should be modified in accordance with this opinion and as so modified affirmed, with costs to the appellant.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, DESMOND and THACHER, JJ., concur; LEWIS, J., taking no part.

Judgment accordingly.