David W. Peck, J.
In this action, the plaintiff insurance company seeks a cancellation of a policy on the life of the defendant Mollie Miller, on the ground that the policy was obtained by a false representation. The alleged misrepresentation was a negative answer to the question in the application of whether the defendant had been examined or treated by a physician within five years previous to the application.
The defense is twofold: (1) That the ailment for which the defendant consulted a physician was so trivial as to render the misstatement insignificant; (2) that the plaintiff waived its right to cancel the policy by requesting and securing from the defendant a report on her examination by another physician, thereby causing the defendant to waive the privilege respecting her medical communications and treatments.
Whether the failure of the defendant to disclose her visits to a physician constitutes a misrepresentation which entitled the plaintiff to cancel the policy depends upon whether the facts not disclosed were such as might reasonably affect the choice of the insurance company as to whether to accept or reject the application. (Geer v. Union Mut. Life Ins. Co., 273 N. Y. 261; Equitable Life Assur. Soc. of United States v. Milman, 291 N. Y. 90.)
The questionnaire in the application is for the purpose of informing the insurance company on matters which it regards as material in passing upon the risk. The insurance company is entitled to form and follow its own judgment as to risks and to know all the facts which may reasonably affect its judgment. Where, therefore, the applicant fails to give truthful answers to the questionnaire, the court may not, upon a subsequent disclosure, substitute its judgment of the risk for the judgment of the insurance company, or indulge its opinion of what the insurance company would have done had the disclosure been complete in the first place. The court should protect the insured against an arbitrary cancellation of the policy, but it must also protect the insurance company against a deprivation of the right to exercise its own judgment. The rights of the parties are recon *534 ciled by the court considering and determining whether the facts not disclosed might reasonably affect the insurance company’s judgment. If not, the nondisclosure is not a false representation and the insurance company will not be permitted to take what would be an unconscionable advantage of an innocuous misstatement. If the facts not disclosed are such as might reasonably affect the insurance company’s judgment, it is again entitled to a free choice as to whether to accept or reject the risk.
The physician whom the defendant consulted testified that the defendant complained of pain in the chest, fatigue, some pain down her right arm, and gastro-intestinal disturbance. The doctor made an examination by fluoroscope and took an electrocardiograph. The most serious part of the doctor’s diagnosis was slight mioeardial damage and slight impairment of the coronary circulation. The doctor testified that she did not think this condition serious, although it might prove serious, and that the condition was within the range of normal for a person of the defendant’s age, which was 57 at the time.
A medical officer of the insurance company testified that, consistent with the uniform practice of the company, it would not have accepted the defendant as a risk if the condition found by the defendant’s physician had been disclosed to the insurance company.
The testimony of the plaintiff’s medical officer is not determinative, but it is obvious that a heart condition is something to which an insurance company would pay particular attention. It seems clear that an insurance company is entitled to know and weigh for itself any condition which indicates cardial impairment. The heart condition of this defendant, which the plaintiff was prevented from learning by the defendant’s failure to disclose her visit to a physician, may not be dismissed as minor or insignificant. It might well and reasonably have affected the judgment of the company as to its assumption of the risk. The failure of the defendant to make the disclosure is, therefore, ground for canceling the policy.
On the defense of waiver or estoppel, the attorney for the defendant testified that after the plaintiff had elected to rescind the policy and after this action was commenced, he had a telephone conversation with counsel for the plaintiff and offered to send him a recent doctor’s report showing the plaintiff’s good health, and counsel for plaintiff said, “ Send it along and we will see.” The report was sent to plaintiff’s counsel with the observation that it was sent “ pursuant to your request ”, and it was returned the day after receipt with the observation, “ We did not request you to send this statement and it was sent at *535 your own instance.” Counsel for plaintiff testified that he had never requested the report, that it had been sent at the instance of counsel for the defendant, and that no one connected with the company other than himself had seen the report.
To sustain the defense of waiver or estoppel, the defendant would have to show recognition by the plaintiff of the continued validity of the policy after knowledge of the facts which would entitle plaintiff to cancel the policy, or at least some action on the part of the plaintiff which required or induced the defendant to incur some trouble or expense or detriment. (Titus v. Glens Falls Ins. Co., 81 N. Y. 410; Roby v. American Cent. Ins. Co. of St. Louis, 120 N. Y. 510.)
On the evidence here, it cannot be said that the plaintiff required or induced the defendant to do anything, or did more than afford the defendant an opportunity to submit a report which the defendant desired and offered to submit. The receipt of a medical report in these circumstances does not amount to a waiver or estoppel.
Judgment for plaintiff.