Mario Pittoni, J.
This is a motion pursuant to rules 103, 113 and 114 of the Buies of Civil Practice, to strike the answers and grant summary judgment to plaintiff on the ground that the denials are sham and the defenses insufficient in law.
The action is against defendants as guarantors of payment of loans made to two corporations.
*617 (1) As to that portion seeking to strike the denials as sham: Paragraph 2 of the complaint alleges that the guarantee was made “ to induce Central Bank and Trust Co.” (later consolidated into plaintiff) to make loans and advances. Defendants admit execution of the instrument, but deny the balance of the paragraph. This denial is not sham. The instrument (annexed to the moving papers as Exhibit A) specifically states that it was to induce the National Bank of Great Neck to make loans. Though there is no such allegation in the complaint, the moving affidavit states that after the date of the instrument 11 the National Bank of Great Neck changed its name to the Central Bank and Trust Company ”, and in a deposition the vice-president of plaintiff stated that the National Bank surrendered its national charter and obtained a New York charter, thus becoming a State bank under the title of Central Bank and Trust Company. Defendants’ affidavit asserts that this was a special guarantee that could be relied on only by the National Bank. While merger of the corporate creditor does not cause a change of identity (McElwain v. Primavera, 180 App. Div. 288) there would seem to be some doubt where there is a change of status from a national bank to a State bank (City Nat. Bank of Poughkeepsie v. Phelps, 86 N. Y. 484). At any rate, the denial of the allegation as made in the complaint cannot be viewed as sham in view of the express terms of the guarantee. Paragraph 3 of the complaint alleges loans made to the corporate principals in April, 1959. Defendants deny knowledge or information thereof sufficient to form a belief. Defendants’ affidavit states that at the time of the guarantee they were stockholders, officers and directors of the corporations, but had severed all relations prior to April, 1959. Thus defendants neither conclusively nor presumptively have knowledge of the loans, and by this form of denial may put plaintiff to its proof. (Kirschbaum v. Eschmann, 205 N. Y. 127.) Nor do the moving papers supply defendants with information. Though the moving affidavit states that copies of corporate notes evidencing the alleged loans are annexed as Exhibit B, there is in fact no Exhibit B annexed. Paragraph 4 alleges that Central was consolidated into plaintiff and that plaintiff is entitled to any moneys due Central. Such matter is a matter of public record, and therefore a denial of any knowledge or information may be treated as sham. (Dahlstrom v. Gemunder, 198 N. Y. 449; Rochkind v. Perlman, 123 App. Div. 808.) This denial should be stricken as sham. Paragraph 5 alleges that there is now due and owing by defendants to plaintiff the sum of $25,328.11. The denial thereof is not sham.
*618 (2) The other branch of the motion was treated by the parties as one to strike the two affirmative defenses as insufficient in law:
Affidavits are not usable on such a motion, and the facts brought to the court’s attention on the other phase of the motion may not be considered. (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24.)
The first affirmative defense pleads oral termination of defendants’ guarantee, and the second defense pleads an estoppel to claim liability on future loans based on plaintiff’s oral statements that no further action was needed to terminate liability after defendants’ oral notice of termination. Under common law a continuing guarantor could be terminated orally. The complaint does not allege that this instrument contained a provision that the guarantee was not to be terminated orally. Therefore, section 33-c of the Personal Property Law is inapplicable, and the common law governs. (Associated Food Stores v. Siegel, 10 A D 2d 1003 [2d Dept.].) Further, subdivision 2 of section 33 of the Personal Property Law requiring either a consideration or a writing to effect a modification or discharge is not applicable; it refers to contracts. Here the instrument was but a continuing offer of guarantee, and binding as a contract only when accepted by extending credit in reliance thereon. (Union Bank of Louisiana v. Coster, 3 N. Y. 203.) Thus the defenses are sufficient as to the cause of action alleged in the complaint.
(3) If this be treated as a motion for summary judgment, so that affidavits and proofs may be considered, a copy of the guarantee is annexed to the moving papers. It states, 11 This guaranty shall continue in full force * * * and the Bank may continue to act in reliance hereon until receipt by the Bank of written notice from the undersigned ”. This may be construed as a statement ‘1 to the effect ’ ’ that it cannot be terminated orally within the meaning of section 33-c of the Personal Property Law, which states that such written agreement or other instrument cannot be terminated orally. The section would seem applicable to a continuing guarantee containing such term. (Associated Food Stores v. Siegel, supra.) Thus the first defense would be sham and frivolous if the complaint alleged such a guarantee. Even if it did, the second defense would be valid. Subdivision 4 of section 33-c of the Personal Property Law provides that where an agreement contains a provision for termination by written notice of one party, the requirement that such notice be in writing cannot be waived except by a writing signed by the party against whom the waiver is sought to be enforced. Though oral termination or waiver would seem to be *619 outlawed by the Associated Food ease (supra), the theory of estoppel would seem available. Waiver and estoppel represent distinct concepts of law. (Prudential Ins. Co. v. Brown, 30 Misc 2d 147.) “ Such an estoppel would not be in conflict with section 33-c of the Personal Property Law, since it would not constitute an oral modification of a written contract, but the application of an ancient equitable principle whereby a person whose conduct had induced reliance thereon may not thereafter bring an action which is inconsistent with that conduct.” (Gray v. Met Contr. Corp., 4 A D 2d 495, 497 [1st Dept.], citing Imperator Realty Co. v. Tull, 228 N. Y. 447.)
The motion for summary judgment is therefore denied. Upon the pleadings and affidavits, the denials of paragraphs 2, 3 and 5 are not sham; nor is the second affirmative defense insufficient. Further, the first affirmative defense is sufficient as to the cause of action stated in the complaint. On a motion for summary judgment the court must consider the complaint as drawn, not what the result might be on a differently drawn complaint (Bright v. O’Neill, 3 A D 2d 728 [2d Dept.]).
Motion is granted to the extent of striking the denials of paragraph 4 of the complaint, but in all other respects is denied.