■ THOMAS P. KINSELLA, as Administrator of the Estate of THOMAS H. KINSELLA, Deceased, Appellant, v. MERCHANTS NATIONAL BANK & TRUST COMPANY OF SYRACUSE, Defendant-Respondent and Third-Party Plaintiff. THOMAS P. KINSELLA, Third-Party Defendant.— Order unanimously reversed, with costs and motion denied. Memorandum: The plaintiff, as administrator of his father's estate, claimed that his father owed the defendant money and that pursuant to the loan agreement between his father and the defendant, the defendant had or should have had life insurance in effect on his father's life, and that upon his father's death, the loan was or should have been discharged by the insurance proceeds. The defendant, claiming that there was a novation before his father's death in which the plaintiff, individually, was substituted as obligor in place of his father, moved for summary judgment dismissing the complaint which was granted. The necessary elements of a novation are: (1) a previous valid obligation; (2) agreement of all parties to the new contract; (3) extinguishment of the old contract, and (4) a valid new contract; (42 N. Y. Jur., Novation, § 7; *Henderson* v. *Sheppard,* 231 App. Div. 610; *Held* v. *Caldwell-Easton Co.,* 97 App. Div. 301). There is nothing in the record showing any consent of the father or the son that the father's obligation was to cease upon the son's entering into his obligation. The consents of the father and son did not have to be express. They could have been implied. (*Schloss Bros. & Co.* v. *Bennett,* 260 N. Y. 243.) However, the question of consent cannot be determined from the record. Further, the defendant kept and did not surrender the father's notes and there is nothing showing whether the defendant notified the insurance company to exclude coverage on the father. This presents the issue of whether the defendant intended to cancel the father's debt. (Appeal from order of Onondaga Special Term granting motion for summary judgment.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.