Hortense W. G-abel, J.
This action is brought by the plaintiff, Ruth Garbín, to recover $12,754, the proceeds of a life insurance policy issued to her husband, Emanuel Garbín, in December, 1967 or January, 1968 by the defendant, Mutual Life Insurance Company of New York, of which Mrs. Garbín was the beneficiary.
Emanuel Garbín died in August, 1969. In October, 1969, Mrs. Garbín demanded payment of the proceeds. In February, 1970, the defendant refused and tendered return of the premiums which had been paid until Mr. Garbín’s death.
The defendant has moved for summary judgment on the ground that the plaintiff’s insured misrepresented facts in Ms written policy application which were material as a matter of law.
The plaintiff, in turn, has cross-moved for judgment. She urges that defendant had waived and is estopped from asserting its right to rescind by accepting premiums after acquiring knowledge of the misstatements.
From the papers before me and the file, it is clear that there are no triable issues of fact the deceased misrepresented material matters regarding his medical history, and that these mis *553 representations would have justified the defendant’s refusal to insure or rescission after knowledge of the misstatements. (Insurance Law, § 149.) Furthermore, the defendant did rescind a companion major medical insurance policy after its Health Claims Department acquired knowledge of plaintiff’s misstatements. It is also worth noting that after such rescission, the plaintiff took no action thereunder.
Through inadvertence, the defendant’s Health Claims Department failed to advise its Underwriting Department of the misstatements, which did not become aware of them until the insured’s death.
Two related questions are presented:
Did defendant waive its right to rescind because it accepted premiums after its Health Claims Department had knowledge of the misrepresentation ?
Having taken no action until the insured’s death, was defendant estopped from asserting its right to rescind?
This court finds for the defendant on both questions.
Waiver is an intentional or voluntary relinquishment of a known right. It cannot be supported by mere negligence, oversight or thoughtlessness. “ ‘ The evidence must have probative force sufficient to prove that there was in fact an intention to waive the right to benefit — a voluntary choice not to claim it.’ Inadvertent acceptance is not equivalent to deliberate acceptance ”. (Prudential Ins. Co. v. Brown, 30 Misc 2d 147, 150.)
The defendant obviously had no intention of waiving its right to rescind the policy and its mere inadvertence in not conveying the information necessary to support a rescission action to the proper department does not constitute a waiver of its right.
In Gutman v. United States Cas. Co. (241 App. Div. 752, 753), the court stated: * ‘ The individual whose acts are claimed to constitute a waiver by the defendant of its right to insist that the policy, of insurance had been breached did not indulge in them ‘ with full knowledge of all the facts. ’ * * * This lack of full knowledge precluded his acts from constituting an ‘ intentional abandonment or relinquishment of a known right ’, that is, a waiver. Whether a waiver has occurred is a matter of intention, an intention may not be found on anything other than full knowledge. ‘ Negligence, oversight or thoughtlessness does not create it.”’
While one element of waiver may be the knowledge by the defendant’s Health Claim Department, no facts have been pleaded or in fact are there any facts urged which would sup *554 port a voluntary, conscious, intentional relinquishment of defendant’s right to rescind. There was no waiver.
Plaintiff has urged no facts which can (support her claim of estoppel, since neither the position of the insured nor of the plaintiff was damaged or prejudiced by reason of the defendant’s delay in rescinding.
The simple facts of this matter are that Emanuel Garbín knew that he was misrepresenting material facts about his medical history, that continuing to pay his premiums on the life, insurance policy was in effect a gamble which did not succeed. Neither he nor Mrs. Garbín was damaged ór prejudiced by the defendant’s inadvertent failure to rescind nor did either thke any action in reliance on the defendant’s failure to act. Neither should be permitted to profit from Mr. Garbín’s “ gamble ”. There was no estoppel.
To permit recovery would put a premium on conscious material misrepresentation and offend the conscience of this court.
Defendant’s motion for judgment is granted and the plaintiff’s cross motion is denied.