■ SYDNEY WEINER, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY OF WASHINGTON, D. C., Appellant.—In an action on an insurance policy, defendant appeals from an order of the Supreme Court, Westchester County, dated November 14, 1975, which (1) granted plaintiff's

motion for summary judgment and (2) denied its cross motion for summary judgment. Order affirmed, with $50 costs and disbursements. The order appealed from, in effect, determined that, although the defendant complied with the statutory requirements of effecting a cancellation under section 167-a (subd [1], par [d]) of the Insurance Law, such cancellation was nugatory since the defendant accepted and cashed a premium check subsequent to the notice of cancellation. Plaintiff was insured for a three-year period under a home owner's policy effective December 1, 1973. An indorsement was added thereto to cover a platinum cocktail ring valued at $7,500. The annual premium was $247 for the entire risk. Due to the plaintiff's failure to forward the first installment of $129.80, a notice of cancellation, effective January 11, 1975, was mailed to him on December 27, 1974. The notice contained the following printed statement: "Please return this notice with payment payable to GEICO." On January 10, 1975 a check constituting the first installment was posted to defendant by certified mail, time stamped January 10, 1974 (sic—the date was obviously intended to be January 10, 1975), and was accepted by defendant one week later. The policy was thus continued in full force and effect. No written acknowledgment was mailed to plaintiff. On April 2, 1975 a similar notice of cancellation, effective April 26, 1975, was mailed to plaintiff for nonpayment of the second installment. On April 25, 1975 a check in the amount of $74.10 was forwarded to defendant by certified mail. That check was deposited by the carrier on May 5, 1975. However, on or about May 1, 1975, plaintiff's platinum ring was allegedly lost or stolen; the loss was reported to the insurer on May 3, 1975. Approximately two weeks thereafter an adjuster interviewed plaintiff. The plaintiff contends that no mention was made of a policy cancellation at that meeting. Thereafter, on May 20, 1975, defendant returned the $74.10 as a refund. Plaintiff contends that the mailing, receipt and deposit of the check constituted a waiver of and/or an estoppel to the defense of cancellation. It is conceded that defendant complied with section 167-a (subd [1], par [d]) of the Insurance Law in attempting to cancel the policy and that no issue of proper notice is before this court. The carrier asserts that, since the notice of cancellation was properly effected, the policy terminated prior to the loss by operation of statute and that the complaint should be dismissed as a matter of law. The record on this appeal discloses that the premium advanced by the assured was time stamped and mailed prior to the alleged date of loss. The premium, having been posted by way of certified mail, should at least have alerted defendant that such premium was either late or was for a canceled policy, as is the case before us. Defendant, by accepting the premium following the first notice of cancellation, conveyed an assurance to plaintiff that future late payments would likewise be accepted. The language in the notice of cancellation was an indication that the carrier would entertain a late payment of premium and would waive any forfeiture by its assured. It has long been held that the retention of a premium by the insurer, having knowledge of a breach of condition, in the words of Chief Judge Cardozo, constitutes "a waiver or, more properly, an estoppel" (Bible v John Hancock Mut. Life Ins. Co., 256 NY 458, 462; see, also, Boardman v John Hancock Mut. Life Ins. Co., 279 App Div 1112). Furthermore, the company's adjuster who interviewed the plaintiff two weeks after the reported claim, made no reference to the policy cancellation or to the receipt of the late premium as indicated herein. The Court of Appeals has indicated that an express waiver rests upon intention, whereas an estoppel rests upon misleading conduct (Kiernan v Dutchess County Mut. Ins. Co., 150 NY 190). While defendant may well argue that it was not its intention

to reinstate the policy in question, certainly its actions would invoke a theory of estoppel as set forth in *Kiernan v Dutchess County Mut. Ins. Co. (supra)*. We accordingly affirm. Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.