■ VINCENT D'ONOFRIO et al., Appellants, v SAFECO INSURANCE COMPANY OF AMERICA, Respondent.—In an action, *inter alia,* to declare that the defendant is obligated to provide the plaintiffs with coverage pursuant to

the terms of an automobile liability insurance policy previously issued to them, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered June 26, 1978, which, after a nonjury trial, is in favor of defendant. Judgment reversed, on the law, with costs, and it is declared that the defendant is obligated to provide coverage to plaintiffs on the claims arising out of automobile accidents on June 11 and June 18, 1973. Plaintiffs instituted this action, *inter alia,* to declare that defendant is obligated to defend and indemnify them in certain actions arising out of two automobile accidents which occurred on June 11, 1973 and June 18, 1973, pursuant to the terms of the automobile insurance policy issued to them. The insurer had issued the policy to plaintiffs for their 1967 Ford Fairlane on September 3, 1971. The policy was subsequently renewed for a period terminating on September 3, 1973 and plaintiffs paid the appropriate premium. However, during the renewal period the insurer recalculated plaintiffs' premium because their 17-year-old son had access to the car. Plaintiffs were billed for an additional premium of $75.80 on or about April 25, 1973. The bill stated that the additional premium was due on May 15, 1973. During the course of the trial, the insurer adduced evidence that it sent a notice of cancellation, dated May 15, 1973, advising plaintiffs that the policy would be canceled on May 30, 1973 if the insurer did not receive the $75.80 by the latter date and that the $75.80 was in fact not received by that date. However, the record also discloses that in a letter dated June 6, 1973 plaintiffs mailed defendant a check dated June 4, 1973 for $75, only 80 cents short of the premium due, and that in accordance with its standard practice, defendant deposited the check immediately, before determining the status of the policy or actual amount due. (It was conceded that had the $75 check been sent prior to May 30, 1973 it would have been accepted as a proper renewal despite the missing 80 cents.) The insurer's employee who ran its computer testified that when premium checks are received, they are immediately deposited. It is only later that a computer checks the status of the policies and rejects payments for insufficiency. In the case at bar, the insurer accepted and deposited the check for $75 and did not return the $75 premium until June 19, 1973, a day after the second accident, when it sent a letter to the insureds' agent containing a check for $75 dated June 14, 1973. Although it appears from the record that plaintiffs, through their agent, were advised in early June, before the accidents, that the policy had lapsed and that plaintiffs had received and cashed a check for $7.67 representing unearned premium, the record also discloses that the insurer, in its letter refunding the unearned premium, spoke of reinstatement of the policy upon full payment of the premium. Under these circumstances, the acceptance by the defendant insurer of the $75 check (which concededly would have been sufficient for a renewal) conveyed an assurance to the insureds that the policy had been reinstated. Although defendant argues that it was not its intention to reinstate the policy, its computerized system of handling checks, which caused the delay in rejecting plaintiffs' $75 check, was totally under its control and the insurer should not be able to rely on its own inefficiency to plaintiffs' detriment. Rather, the insurer's conduct is sufficient, in our view, to invoke the doctrine of estoppel against it (cf. *Weiner v Government Employees Ins. Co.,* 52 AD2d 844). Accordingly, the judgment in favor of defendant should be reversed and judgment should be entered in favor of plaintiffs declaring that the defendant is obligated to provide coverage on the claims arising out of the automobile accidents on June 11, 1973 and June 18, 1973. Suozzi, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

Lazer, J., dissents and votes to affirm the judgment, with the following memorandum: The record establishes that after proper notice of cancellation pursuant to section 313 of the Vehicle and Traffic Law (see *Matter of Empire Mut. Ins. Co. v Sash,* 46 NY2d 828; cf. *Manning v Boston Old Colony Ins. Co.,* 48 AD2d 838) was mailed to the plaintiffs, the automobile insurance policy in issue was effectively canceled as of May 30, 1973 for nonpayment of a premium amounting to $75.80. Nevertheless, on or about June 6, 1973 plaintiffs mailed defendant a check dated June 4, 1973 for $75, 80 cents short of the premium due. In accordance with its standard practice, the defendant immediately deposited the check before making an examination as to the status of the policy or the amount due on the premium. The $75 was not returned by the defendant until June 19, 1973, when it was sent to plaintiffs' agent, but in the meantime it sent plaintiffs a check refunding the unearned premium of $7.67, which check was cashed, and an additional notice dated June 7, 1973 that the policy had been canceled as of May 30, 1973. On these facts, the majority holds that the defendant is estopped from asserting that the policy was validly canceled because it deposited the check for $75 and then delayed its return of the money until June 19, 1973. In order to invoke the doctrine of estoppel, it must be established that the plaintiffs *relied* upon the insurer's conduct to their detriment (see, e.g. *Kiernan v Dutchess County Mut. Ins. Co.,* 150 NY 190, 194-195; *Prudential Ins. Co. of Amer. v Brown,* 30 Misc 2d 147). The temporary retention of purported premiums by an insurer, standing alone, does not constitute a basis for estoppel *(Travelers Ins. Co. v Pomerantz,* 246 NY 63, 70-71; *Metropolitan Life Ins. Co. v Blum,* 7 AD2d 488, affd 9 NY2d 954). There is no evidence that plaintiffs were even aware that defendant had deposited the check for $75 until they secured a copy of the canceled check from their bank in preparation for this litigation. The majority finds significance in the fact that in its letter refunding the unearned premium the defendant spoke of reinstatement of the policy upon full payment of the premium. However, since plaintiff Vincent D'Onofrio testified that he assumed that the refund was for an overpayment on his homeowner's policy, plaintiffs could not have relied on that letter with respect to the automobile policy. The further fact that defendant indicated that had the $75 check been sent prior to May 30, 1973 it would have been accepted although 80 cents short of the premium due also provides no solace to the plaintiffs since there is no evidence that they relied on that possibility either. Finally, it should be noted that the insurer's retention of the premium cannot be deemed a waiver of cancellation since waiver "is essentially a matter of intention" (see *Alsens Amer. Portland Cement Works v Degnon Contr. Co.,* 222 NY 34, 37; *Metropolitan Life Ins. Co. v Blum, supra; Prudential Ins. Co. of Amer. v Brown, supra).* Accordingly, I dissent and vote to affirm the judgment in favor of defendant.