OPINION OF THE COURT
Thomas E. Mercure, J.
Defendant, Fireman’s Fund Insurance Company, seeks summary judgment pursuant to CPLR 3212 and an order dismissing the plaintiff’s complaint on the grounds that the policy issued by defendant was effectively canceled prior to a fire. Plaintiff is a pharmacist and the owner and operator of a pharmacy, which sustained a fire loss in excess of $63,000.
This action arises out of a fire loss to plaintiff’s place of business, which occurred on February 17, 1980. Prior to the fire loss, plaintiff’s insurance needs were serviced by an agency — “G.J. Potter Agency”. The Potter Agency obtained for plaintiff a contents policy on his business with an inception date of January 27, 1979 and an expiration date of January 27, 1982. The policy was issued by defendant and provided coverage in the amount of $40,000. Premiums were to be paid annually on the annual anniversary date of the policy.
In January, 1980, Mr. G. J. Potter, owner and operator of the Potter Agency, informed plaintiff that coverage for his business could be obtained through the National Surety *957 Corporation, at a lesser premium for identical coverage to the coverage he then held with Fireman’s Fund Insurance Company.
Both Fireman’s Fund Insurance Company and the National Surety Corporation are members of the Fireman’s Fund-American Insurance Group, which owns both companies.
Mr. Potter, by affidavit, states that plaintiff gave him authority to obtain a $40,000 National Surety Corporation policy to replace the existing Fireman’s Fund policy. He obtained coverage for plaintiff’s business with National Surety Corporation effective January 27, 1980, which was the anniversary date of the existing policy.
Mr. Potter further states that he instructed plaintiff not to pay the yearly premium for the Fireman’s Fund policy and that the two policies were identical in provisions and coverage and, at no time, did plaintiff instruct Mr. Potter to increase the limits of his policy beyond $40,000. The second policy was to replace the first for the purpose of reducing premiums to be paid by the plaintiff.
Plaintiff, at an examination before trial, testified that it was not his intention to carry more than $40,000 in coverage at any time, but that it also was not his intention to cancel the Fireman’s Fund policy until he had, in hand, the policy issued by National Surety, even though he was effectively covered by the second policy.
It is undisputed that plaintiff was paid the sum of $40,000 under the terms of the policy issued by National Surety Corporation as a result of the fire loss. This amount represents the limit of coverage on that policy. It is further undisputed that plaintiff never intended to insure his business for an amount in excess of $40,000.
It is the contention of the defendant herein that G. J. Potter (the Potter Agency), on authority of both plaintiff and both carriers, effectively substituted one $40,000 policy for another prior to the date of loss, and that the full limit of coverage under the effective policy has been paid to plaintiff.
It is plaintiff’s contention that, at the time of the fire loss, both'policies of insurance were in effect, and that *958 further reimbursement to the extent of his loss is due by Fireman’s Fund Insurance Company. Plaintiff argues that past practice of the Fireman’s Fund Insurance Company of requiring a cancellation signed by the insured, which was not effected until the day after the fire and the subsequent payment of premiums on the Fireman’s Fund policy, which are not refunded, create a question of fact as to the effective cancellation of the Fireman’s Fund policy.
That the agent acted for both carriers and plaintiff is well documented by the papers before this court and is further emphasized by the uncontroverted affidavit of Kenneth Murray, Underwriting Supervisor with the Fireman’s Fund Insurance Company, who relates that “it was the intention of the Underwriting Department to re-write the policy on the risk in question in the National Surety Corporation with an effective policy period beginning January 27, 1980, and at the same time, to cancel the policy with Fireman’s Fund, with an effective termination date of January 27, 1980.” Further, plaintiff’s acceptance of $40,000 paid by National Surety effectively demonstrates a substitution of policies well within the contemplation of both parties. (Beiermeister v City of London Fire Ins. Co., 15 NYS 433; Rose Inn Corp. v National Union Fire Ins. Co., 258 NY 51.)
An effective novation has been established in the instant case. The necessary elements of a novation are: (1) a previous valid obligation; (2) agreement of all parties to the new contract; (3) extinguishment of the old contract, and (4) a valid new contract. (42 NY Jur, Novation, § 7; Kinsella v Merchants Nat. Bank & Trust Co. of Syracuse, 34 AD2d 730; Town & Country Linoleum & Carpet Co. v Welch, 56 AD2d 708.) All the elements have been met herein, albeit partially by parol evidence.
The defendant’s policy was canceled by the substitution of the National Surety Corporation policy on January 27, 1980. Acceptance of a premium by the insurance agency on March 16, 1981 (nearly 13 months after the date of the above loss) creating an effective termination date of February 18, 1980 (one day after the fire loss), is not .binding on the defendant insurance company. “A payment is not effective to revive the policy after loss has been sustained even *959 though a receipt has been issued therefor where the agent of the insurer had no authority to accept such payment.” (6 Couch on Insurance [2d ed], § 32:89; see Prudential Ins. Co. of Amer. v Brown, 30 Misc 2d 147.) “[A] person whose conduct has induced reliance thereon may not thereafter bring an action which is inconsistent with that conduct.” (Meadow Brook Nat. Bank v Feraca, 33 Misc 2d 616, 619.) The inadvertent acceptance by the carrier herein is not equivalent to deliberate acceptance and, in no way, affected the cancellation of defendant’s policy on January 27, 1980. (See Garbin v Mutual Life Ins. Co. of N. Y., 75 Misc 2d 552.)
Pursuant to CPLR 3004, this court finds that any premiums paid on the Fireman’s Fund policy after January 27, 1980 must, in all equity, be returned to the plaintiff.
There is no substantial question of fact above. Plaintiff’s complaint is dismissed, and summary judgment is granted defendant.